IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTIAN ALLEN MOORE,   )  | |
|     Plaintiff,   )  | Civil Action No. 7:14cv00188 |
| )  | |
| v.   )  | **MEMORANDUM OPINION** |
| )  | |
| SHERIFF WEISENBERGER,   )  | By: Michael F. Urbanski |
|     Defendant.   )  | United States District Judge |

Plaintiff, Christian Allen Moore, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to cruel and usual living conditions. For the reasons stated herein, however, the court finds that Moore has failed to state a claim of constitutional magnitude and, therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Moore alleges that he is an inmate at the Bristol Virginia Jail and was housed in an "isolation cell" between April 6, 2014 and April 18, 2014. Each day, Moore spent 23 hours in his cell and 1 hour out of his cell. However, Moore claims that on April 7, 8, and 14, 2014, he was denied recreation time. Moore alleges that there were bugs on the floor and sink, his sink was broken, and there was black mold in the toilet but that he was only permitted to clean his cell once during the thirteen days that he was in the isolation cell. Moore also claims that jail staff only washed his laundry, bed linens, and towels once during those thirteen days. Moore argues that his confinement in the isolation cell constitutes cruel and unusual living conditions.

II.

Moore's claim that his confinement in the isolation cell constitutes cruel and unusual living conditions in violation of the Eighth Amendment fails. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because

of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). In addition, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While isolation cell conditions may be inconvenient, uncomfortable, and unfortunate, Moore has not alleged anything to suggest that these conditions violated contemporary standards of decency. Nor has he alleged that because of the conditions, he sustained a serious or significant injury or is at risk of a future injury. Therefore, the court finds that Moore has failed to state a constitutional claim under the Eighth Amendment.

## II.

To the extent Moore's allegations can be construed as a claim that his confinement in the isolation cell constitutes a violation of his due process rights afforded under the Fourteenth Amendment, it also fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). However, in Wilkinson v. Austin, 545 U.S. 209 (2005), the Court found that inmates did have a liberty interest in avoiding assignment to a state's supermax prison. In reaching this conclusion, the Court carefully distinguished the supermax facilities from normal segregation units on three grounds. First, inmates in the supermax facility were "deprived of almost any environmental or sensory stimuli and of almost all human contact." Wilkinson, 545 U.S. at 214. Second, they were assigned for "an indefinite period of time, limited only by [the] inmate's sentence." Id. Third, once assigned to supermax "[i]nmates otherwise eligible for parole lose their eligibility while incarcerated" at the facility. Id. at 215. After noting other onerous conditions of confinement, including that the cells were lighted 24 hours per day, the court stated: "While any of these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship within the correctional context." Id. at 224. In this case, while the conditions of Moore's confinement in the isolation cell were more restrictive than those applied to inmates in the general population, they were not nearly so restrictive and atypical as those at issue in Wilkinson. Therefore, the court finds that Moore did not have a liberty interest in remaining out of the isolation cell and, thus, his due process claim fails.

**III.**

For the reasons stated, Moore's action is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

Entered: October 29, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge